UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SUSAN COOK,

              Plaintiff,                              **ANSWER**

      - against -

PORT WASHINGTON WATER DISTRICT,        04 CV 3147 (LDW) (ARL)
JONATHAN LABER, Individually and in his
official capacity, JOHN MAHONEY, Individually
and in his official capacity, THOMAS MURRAY,
Individually and in his official capacity, ITALO
VACCHIO, Individually and in his official capacity,
and PETER MEYER, individually and in his official
capacity,

              Defendants.
----------------------------------------------------------X

      Defendants Port Washington Water District, John Mahoney, Thomas Murray, Italo Vacchio, and Peter Meyer, individually and in their official capacities, by their attorneys Bee Ready Fishbein Hatter & Donovan, LLP, hereby answer the Complaint as follows:

1.      State that the allegations contained in paragraphs 1, 2, 3, 4, 5, and 6 of the Complaint constitute legal conclusions to which no response is required.

2.      Admit the allegations contained in paragraphs 8, 14, and 16 of the Complaint.

3.      Admit upon information and belief the allegation in paragraph 7 of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit that in January, 1998, Plaintiff was provided the in-house title of Water Plant Manager.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admit that Plaintiff agreed to a suspension for having left Water District premises during work hours.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

7. Deny each and every allegation contained in paragraph 9 of the Complaint, except admit that Jonathan Laber was Plant Maintenance Foreman and Supervisor of Water Plant Operations.

8. Deny each and every allegation contained in paragraph 10 of the Complaint, except admit that John Mahoney was the Director of Operations for the Water District.

9. Deny each and every allegation contained in paragraph 11 of the Complaint, except admit that Thomas Murray is a Commissioner of the Water District.

10. Deny each and every allegation contained in paragraph 12 of the Complaint, except admit that Italo Vacchio is the Superintendent of the Water District.

11. Deny each and every allegation contained in paragraph 13 of the Complaint, except admit that Peter Meyer is a Commissioner of the Water District.

12. Deny each and every allegation contained in paragraph 25 of the Complaint, except admit that Italo Vacchio was hired as Superintendent in February, 2002.

13. Deny each and every allegation contained in paragraph 29 of the Complaint, except admit that Plaintiff filed police reports.

14. Deny each and every allegation contained in paragraph 30 of the Complaint, except admit that Jonathan Laber gave money to plaintiff to buy a card and flowers for a Water District resident.

15. Deny each and every allegation contained in paragraph 31 of the Complaint, except admit that Plaintiff was notified of disciplinary charges brought against her for her having

left Water District premises during work hours.

16. Deny each and every allegation contained in paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 32, 33, 34, 35, 37, 38, 39, 40, 42, 43, and 44 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

17. Defendants repeat, reiterate and reallege each and every denial heretofore made in paragraphs 1 through 15 as if more fully set forth herein.

18. Deny each and every allegation contained in paragraphs 46, 47, and 48 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

19. Defendants repeat, reiterate and reallege each and every denial heretofore made in paragraphs 1 through 17 as if more fully set forth herein.

20. Deny each and every allegation contained in paragraphs 50 and 51 of the Complaint.

21. Deny that Plaintiff is entitled to any of the relief demanded in the "WHEREFORE" clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. Plaintiff has failed to exhaust her administrative remedies against the individual defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. The Court lacks subject matter jurisdiction over the claims alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred, in whole or in part, because she has failed to mitigate her alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. The decisions made and actions taken about which Plaintiff complains were based solely on legitimate, non-discriminatory business considerations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. No tangible adverse employment action has ever been taken by Defendants.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

29. Defendants, at all times, exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior, and Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities provided by Defendants, or to otherwise avoid harm.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. Defendants are not state actors as defined under 42 U.S.C.1983, and, in the alternative, would have Eleventh Amendment immunity from being sued in federal court.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
       September 27, 2004

                                       Respectfully submitted,

                                       BEE READY FISHBEIN
                                       HATTER & DONOVAN, LLP

By: *Anthony V. Merlino*
      Anthony V. Merlino (AM-6299)
      170 Old Country Road
      Mineola, New York 11501
      (516) 746-5599