UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUSAN COOK,

              Plaintiff,

              -against-

PORT WASHINGTON WATER DISTRICT,       CV-04-3147
JONATHAN LABER, Individually and in his      (LDW)(ARL)
official capacity, JOHN MAHONEY, Individually
and in his official capacity, THOMAS MURRAY,
Individually and in his official capacity,
ITALO VACCHIO, Individually and in his official
capacity, and PETER MEYER, Individually and
in his official capacity,

              Defendants.
-----------------------------------------------------------------X


DEFENDANT LABER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS


                                    LAMB & BARNOSKY LLP

                                    Attorneys for Defendant Laber
                                    534 Broadhollow Road, Suite 210
                                    P.O. Box 9034
                                    Melville, New York 11747-9034
                                    631-694-2300

Of Counsel:
    Sharon N. Berlin
    Diane Leonardo Beckmann

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ……………………………………..……..……….   1

STATEMENT OF FACTS …………………………………………….………   1

ARGUMENT ……………………………………………………………………   3

    I.    PLAINTIFF'S CLAIMS UNDER SECTION 1983 AND THE
           NEW YORK HUMAN RIGHTS LAW ARE TIME BARRED ……..   3

           A.  The Complaint Does Not Allege Any Continuing Conduct
               Sufficient to Extend the Three Year Statute of Limitations  ..……..   5

    II.   PLAINTIFF FAILS TO STATE A CLAIM UNDER 1983 …………..   8

           A.  Plaintiff Fails to State a Separate and Distinct Cognizable
               Claim for Violation of Her Equal Protection Right ……………….   8

           B.  There is No Cognizable Claim Under 1983 for Retaliation ………   9

CONCLUSION …………………………………………………………….   10

## TABLE OF AUTHORITIES

**Cases**

Abdallah v. City of New York, 2001 WL 262709 (S.D.N.Y. 2001) .................................. 7

Annis v. County of Westchester, 136 F.3d 239 (2d Cir.1998) ........................................... 6

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)................................... 4

Dedyo v. Baker Engineering New York, Inc., 1998 WL 9376 (S.D.N.Y. 1998) ............... 5

Everson v. New York City Transit Authority, 216 F. Supp.2d 71 (E.D.N.Y. 2002).......... 4

Gierlinger v. New York State Police, 15 F.3d 32 (2d Cir. 1994) ...................................... 9

Harris v. City of New York, 186 F.3d 243 (2d Cir.1999)................................................... 6

Herbil Holding Co. v. Brook, 84 F. Supp.2d 369 (E.D.N.Y. 2000) .................................. 4

Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156 (2d Cir.2001) .................................. 8

Lambert v. Genesee Hosp., 10 F.3d 46 (2d Cir.1993) ........................................................ 6

Lange v. Town of Monroe, 213 F.Supp.2d 411 (S.D.N.Y. 2002). ................................... 10

Parisi v. Coca-Cola Bottling Co. of New York, 995 F. Supp. 298 (E.D.N.Y. 1998) ......... 4

Selan v. Kiley, 969 F.2d 567 (7th Cir. 1992).................................................................... 7

**Statutes**

42 U.S.C. § 1983.............................................................................................................. 1

Fed. R. Civ. P. 12(b)(6).................................................................................................... 1

New York Executive Law § 296...................................................................................... 1

## PRELIMINARY STATEMENT

Defendant Jonathan Laber (hereinafter referred to as "Laber") submits this memorandum of law in support of his motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff Susan Cook (hereinafter referred to as "Cook") alleges employment discrimination by Laber in violation of her civil rights under 42 U.S.C. § 1983 ("1983") and New York Executive Law § 296 ("Human Rights Law").  (Exhibit "A," Complaint, ¶ 3).[1]  For the reasons detailed below, Cook's § 1983 and Human Rights Law claims must be dismissed because they are untimely.  In addition, Cook's § 1983 claim must be dismissed against Laber because Cook fails to state a cognizable claim for violation of §1983.

## STATEMENT OF FACTS

At all times relevant to this action, Cook was employed by defendant Port Washington Water District (Exhibit "A," Complaint, ¶¶ 14, 15).  In October 1999, Cook claims that Laber, her direct supervisor, "professed his love for [her] and expressed his desire to be in a sexual relationship with her" and that she "rejected Laber's sex-based advances."  (Exhibit "A," Complaint, ¶ 17).  Thereafter, according to Cook, Laber "subjected [her] to discriminatory intimidation, ridicule and insult" and "Laber's behavior permeated [her] work environment."   (Exhibit "A," Complaint, ¶ 18).

Cook alleges the following "discriminatory conduct" by Laber created a hostile work environment:  Laber watched Cook as she arrived at work one day; Laber drove by Cook's house one day to see if she was home; Laber parked his car near Cook's house

---

[1] Exhibits referenced herein are attached to the Declaration of Diane Leonardo Beckmann, dated January 12, 2005.

one day; Laber refused to leave the home of Cook's neighbor until Cook agreed to see him; Laber referred to Cook as a "puppet on a string"; and Laber stated that he would "take her [Cook] down." (Exhibit "A," Complaint, ¶ 18). The complaint also alleges in a wholly conclusory fashion without any detail that there were "other unwelcomed (sic) harassing actions." (Exhibit "A," Complaint, ¶ 18).

Cook maintains that she attempted to continue to work with Laber on a friendly basis, but that on December 2, 1999 she "realized that Laber's harassment and intimidation was only going to escalate" and "told Laber that they could no longer be friends." Cook claims that Laber responded by saying "[y]ou are going to be very sorry." (Exhibit "A," Complaint, ¶ 19).

Cook alleges that she thereafter complained to District Supervisor Mahoney ("Mahoney") and District Commissioner Murray ("Murray") about Laber. (Exhibit "A," Complaint, ¶ 20). After her complaint, Laber was transferred to "another office location" and Cook was directed to report to Mahoney. (Exhibit "A," Complaint, ¶ 21). According to Cook, the hostile work environment worsened thereafter and in April 2001, after speaking with Laber, an outside contractor warned Cook that Laber had it out for her and that she should "watch out" (*id.* at ¶ 21c). She also alleges that Laber transferred an overtime opportunity from Cook in April 2001 (*id.* at ¶ 23). Cook alleges that throughout "2000 and 2001 Laber made demeaning statements about Cook to contractors and co-workers." (Exhibit "A," Complaint, ¶ 24). [2] Cook further alleges that during this time period, Laber "also took away supervisory duties." Cook alleges no further acts of discrimination by Laber in her complaint.

---

[2] This allegation appears to be duplicative of ¶21c.

2

The next allegation with respect to Laber is alleged to have occurred on May 26, 2003 when Laber asked Cook to buy flowers for a local woman and deliver the flowers to her in the hospital. (Exhibit "A," Complaint, ¶30). Cook maintains that she was thereafter disciplined for leaving District premises during work hours. (Exhibit "A," Complaint, ¶ 31). She does not allege that Laber was responsible for commencing these disciplinary charges or that he had any discriminatory animus. Cook claims that Laber denied giving her permission to take a half sick day on July 15, 2003 and she was subsequently docked a half day. (Exhibit "A," Complaint, ¶ 33). Finally, Cook claims that Laber "wrote her up" on November 18, 2003. (Exhibit "A," Complaint, ¶ 42). Cook does not state the nature or the outcome of these "write-ups," if she was disciplined or that his actions were based upon a discriminatory reason.

Additional facts appear in the Argument.

## ARGUMENT

A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept the "allegations of the complaint as true, and construe all reasonable inferences in favor of the plaintiff." Parisi v. Coca-Cola Bottling Co. of New York, 995 F. Supp. 298, 300 (E.D.N.Y. 1998).

### POINT I

**PLAINTIFF'S CLAIMS UNDER SECTION 1983 AND THE NEW YORK HUMAN RIGHTS LAW ARE TIME BARRED.**

3

Cook's claims that Laber violated § 1983 and the Human Rights Law are time barred. It is well established that a three year statute of limitations applies to claims under section 1983 (Herbil Holding Co. v. Brook, 84 F. Supp.2d 369, 373 (E.D.N.Y. 2000)), as well as to claims under the Human Rights Law (s*ee, e.g.*, Everson v. New York City Transit Authority, 216 F. Supp.2d 71, 78 (E.D.N.Y. 2002) (the statute of limitations for claims under 42 U.S.C. §§ 1981 and 1983 and the New York Human Rights Law is three years)). The instant complaint was filed on July 23, 2004. Therefore, any acts of discrimination that occurred prior to July 23, 2001 are untimely and must be dismissed.

The complaint alleges that in October 1999, Laber professed his love for Cook and Cook rejected Laber's advance. Cook further alleges that thereafter Laber subjected her to discriminatory intimidation, ridicule and insult through and until December 2, 1999, when Cook allegedly told him they could no longer be friends and Laber allegedly responded by threatening her. (See Exhibit "A," Complaint, ¶¶ 17-19). Each of these acts occurred more than three years prior to the July 23, 2004 filing of the complaint and is therefore time barred.

While Cook alleges generally that Laber made demeaning statements about her to other employees, supervisors and outside contractors throughout 2000 and 2001, the complaint only specifies one incident in April 2001 where Laber is alleged to have made a derogatory statement about Cook to an outside contractor, who warned Cook to watch out. (See Exhibit "A," Complaint, ¶ 21c). This statement, made more than three years prior to Cook's July 23, 2004 filing of the complaint, is time barred. Moreover, it is well established that "comments that are vague and remote in time are insufficient to establish

4

discrimination." Dedyo v. Baker Engineering New York, Inc., 1998 WL 9376 *7 (S.D.N.Y. 1998).

The complaint also alleges that in April 2001, Laber transferred an overtime opportunity from Cook to a male worker. (See Exhibit "A," Complaint, ¶ 23). This act is also alleged to have occurred more than three years prior to Cook's July 23, 2004 filing of the complaint and must be dismissed as time barred.

The complaint is devoid of any specific act of discriminatory conduct attributed to Laber after April 2001. Laber should therefore be dismissed from this action.

**A.    The Complaint Does Not Allege Any Continuing Conduct Sufficient to Extend the Three Year Statute of Limitations**

While the three year statute of limitations may be extended where there is continuing conduct, the Complaint does not allege any continuing conduct sufficient to extend the three year statute of limitations. "[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act. Nor can an otherwise barred claim be rendered timely by the mere continuation of the claimant's employment. Rather the claimant must allege both the existence of an on-going policy of discrimination and some non time-barred acts taken in furtherance of that policy." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir.1999) (internal citations omitted).

The continuing violation exception "extends the limitations period for all claims of discriminatory acts committed under an ongoing policy of discrimination even if those acts, standing alone, would have been barred by the statute of limitations." Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir.1998) (internal quotation marks and

5

citation omitted). "Multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir.1993) (citation omitted).

Cook's allegations do not establish a discriminatory policy or mechanism amounting to a continuing violation on Laber's part. The complaint is silent with respect to discriminatory actions by Laber for the period April 2001 to May 2003. Cook alleges that on May 23, 2003, Laber asked her to purchase flowers for a woman who had been injured and to deliver them to her at the hospital. (Exhibit "A," Complaint, ¶ 30). Cook alleges that she was disciplined for leaving the District during work hours and that she thereafter accepted a suspension based upon her union's recommendation. (Exhibit "A," Complaint, ¶ 31, 36). . Cook also claims that Laber denied giving her permission to take a half sick day on July 15, 2003 and she was subsequently docked a half day. (Exhibit "A," Complaint, ¶ 33). Finally, Cook alleges that Laber "wrote her up" on November 18, 2003. (Exhibit "A," Complaint, ¶ 42).

The complaint does not allege that these incidents were in any manner discriminatory or the result of intimidation or harassment on Laber's part; nor does the complaint allege that Laber had any role in subsequent discipline. In the absence of discriminatory animus these "incidents" do not suffice to extend the statute of limitations to include the untimely acts commencing in December 1999.

Further, to the extent Cook may argue that the actions of Mahoney[3] and Vacchio[4] establish a continuing violation, the fact that these individuals are alleged to have engaged in similar discriminatory conduct does not establish the presence of a policy or practice of discrimination sufficient to connect them with Cook's actions. *See* Abdallah v. City of New York, 2001 WL 262709 (S.D.N.Y. 2001) ("The conduct that plaintiff complains of involves discrete and isolated incidents of alleged discrimination, involving different individuals in different departments and different supervisors. The fact that some of these alleged discriminatory comments and conduct were similar does not sufficiently establish the presence of a policy or practice of discrimination to connect them.").

Further, there is more than a two year gap between Laber's alleged role in the May 2003 discipline of Cook and his last alleged discriminatory act in April 2001. A two year gap between discriminatory events "negates the contention that the acts were continuous or connected." Selan v. Kiley, 969 F.2d 567 (7th Cir. 1992). There are no allegations in the complaint that establish a continuing violation sufficient to resurrect Cook's untimely claims against Laber.

Accordingly, any alleged acts of discrimination, brought under 1983 or the HRL, occurring prior to July 23, 2001 are time barred and must be dismissed.

---

[3] Cook claims that after she complained to the District in December 1999 about Laber, she was directed to report to Mahoney instead of Laber and her duties were cut. (Exhibit "A," Complaint, ¶ 21a).

[4] Cook claims that defendant Italo Vacchio ("Vacchio") was responsible for a number of discriminatory or retaliatory incidents, including her demotion. (*see, e.g.*, Exhibit "A," Complaint, ¶ 27). The complaint does not allege that Laber was connected to any of the incidents of discrimination that occurred after Vacchio was hired in February 2002.

7

## POINT II

## PLAINTIFF FAILS TO STATE
## A CLAIM UNDER 1983

The complaint essentially alleges a claim of gender discrimination and retaliation. It appears that Cook is attempting to state a claim against Laber under Section 1983 for violation of her equal protection rights, and retaliation based upon the identical incidents underlying the Title VII claim she asserts against the Water District. The Complaint is devoid of allegations sufficient to allege a 1983 cause of action under either of these theories.

**A.     Plaintiff Fails to State a Separate and Distinct Cognizable Claim for Violation of Her Equal Protection Right**

Under § 1983, to show an equal protection violation, the plaintiff must show that she was selectively treated compared with similarly situated employees, and that the selective treatment was based on impermissible considerations. Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 166 (2d Cir.2001). The § 1983 equal protection violation cause of action must be based upon a separate and distinct violation of a constitutional right. It cannot be based upon the same violation that underlies the Title VII claim.

Here, Cook alleges a number of discriminatory incidents occurred because she rejected Laber's advances (*see, e.g.*, Exhibit "A," Complaint, ¶¶ 14-43), that she was treated differently than "similarly situated male coworkers who did not complain about discrimination" (Exhibit "A," Complaint, ¶ 25c), and that the "actions set forth above were undertaken against Cook without just cause and were not taken against similarly situated male employees, constituting sex/gender discrimination. Also, the above actions were taken against Cook in retaliation for complaining about the discrimination and/or

8

for rejecting the sexual advances of her supervisor." (Exhibit "A," Complaint, ¶ 44). These assertions form the same factual predicate for both the Title VII and § 1983 claims against the municipal defendant as well as the § 1983 claims against the individual defendants. Therefore, the claims, as alleged, are not based on distinct constitutional violations.

The law in the Second Circuit is clear that: A Title VII plaintiff is precluded from bringing a concurrent § 1983 cause of action, unless the § 1983 claim is based on a distinct violation of a constitutional right. See Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir. 1994). Given the absence of a distinct constitutional violation here, the 1983 cause of action must be dismissed.

**B.      There is No Cognizable Claim Under 1983 for Retaliation**

The complaint alleges that certain actions were taken against Cook in retaliation for her complaining about the discrimination and/or for rejecting Laber's sexual advances. (See Exhibit "A," Complaint, ¶ 44). Specifically, Cook claims that: she was disciplined after a May 2003 incident; she was docked a half day after Laber denied giving her permission to take time off; and that Laber wrote her up in November 2003. To the extent that Cook attempts to assert a claim of retaliation against Laber with respect to her rejection of his sexual advances, the Second Circuit has concluded that this is not a cognizable claim under 1983.

> Because Equal Protection, not Title VII, is the distinct right alleged to have been denied, plaintiff may assert her claims under § 1983. However, defendants' alleged retaliation in response to plaintiff's sexual harassment complaints is not cognizable as an equal protection violation. In a recent Second Circuit case, the court refused to recognize a claim of retaliation for complaints of racial discrimination under the equal protection clause. Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir.1996). As the Second Circuit explained, "[a]lthough claims of retaliation are commonly brought under the First Amendment ... and may also be

9

> brought under Title VII ... we know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination." Id.; see also Ratliff v. DeKalb County, 62 F.3d 338, 340-41 (11th Cir.1995) (no established right under the equal protection clause to be free from retaliation for complaints of gender discrimination); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir.1989) ( "[R]ight to be free from retaliation for protesting sexual harassment and sex discrimination is a right created by Title VII, not the equal protection clause.").

Lange v. Town of Monroe, 213 F.Supp.2d 411, 419 (S.D.N.Y. 2002).

Accordingly, Cook fails to state a claim for retaliation in violation of § 1983 and her claim must be dismissed.

## CONCLUSION

Based upon the foregoing, the complaint against Defendant Laber must be dismissed in its entirety.

Dated: Melville, New York
      January 12, 2005

Respectfully submitted,
LAMB & BARNOSKY LLP
Attorneys for Defendant Laber

By: _____
Diane Leonardo Beckmann/3276

Of Counsel:
Sharon N. Berlin

534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747-9034
631-694-2300