UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUSAN COOK,

                            Plaintiff,

         -against-                                CV 04-3147(LDW)(ARL)

PORT WASHINGTON WATER DISTRICT,
JONATHAN LABER, Individually and in his
official capacity, THOMAS MURRAY, Individually
and in his official capacity, ITALO VACCHIO,
Individually and in his official capacity, and
PETER MEYER, Individually and in his
official capacity,

                            Defendants.
-----------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS
# SUBMITTED ON BEHALF OF DEFENDANT
# JONATHAN LABER

LAMB & BARNOSKY LLP

Attorneys for Defendant
**JONATHAN LABER**
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747-9034
631-694-2300

## PRELIMINARY STATEMENT

Defendant Jonathan Laber ("Laber") submits this memorandum of law in further support of his motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

In his principal memorandum in support of dismissal, Laber demonstrated that Plaintiff Susan Cook's ("Cook") claims against him, which allege violation of her civil rights under 42 U.S.C. § 1983 ("1983") and New York Executive Law § 296 ("Human Rights Law"), should be dismissed both because such claims are time barred and because plaintiff has failed to state a claim against Laber upon which relief may be granted.  In opposition to Laber's motion to dismiss, plaintiff offers nothing more than a distorted representation of the allegations in the complaint and the substance of the relevant law.  Accordingly, for the reasons set forth in Laber's principal memorandum, as well as those set forth below, the complaint against Defendant Laber should be dismissed in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS UNDER § 1983 AND THE NEW YORK HUMAN RIGHTS LAW ARE TIME BARRED

As is demonstrated in Laber's principal memorandum, the allegedly discriminatory conduct that plaintiff charges against Laber falls outside of the statute of limitations period applicable to § 1983 and Human Rights Law claims, and thus, plaintiff's claims against Laber are time-barred.

In response, plaintiff asserts both that Laber engaged in some discriminatory conduct within the limitations period, and that the alleged discriminatory conduct outside of the limitations period may be considered by the Court as part of a "continuing violation".  See Plaintiff's Memorandum of Law in Opposition to Both of Defendants' Motion to Dismiss, at

pp. 4-12. However, as plaintiff has failed to plead either discriminatory conduct attributable to Laber that occurred within the statutory time period, or a continuing violation, plaintiff's claims against Laber should be dismissed as time-barred.

Plaintiff has not charged Laber with any actionable discriminatory conduct within the limitations period. Plaintiff acknowledges that the limitations period for claims under § 1983 and the Human Rights Law is three years, and thus, that any alleged conduct prior to July 23, 2001 falls outside of the limitations period. See Plaintiff's Memorandum of Law in Opposition to Both of Defendants' Motion to Dismiss, at pp. 4. However, lumping the claims against Laber together with her claims against the other defendants, plaintiff claims that her "claims are based on events that occurred within the statutory period." Id.

Review of the list of "instances of discrimination" that plaintiff points to in her memorandum, however, reveals that Laber is not alleged to have engaged in any actionable discriminatory conduct within the limitations period. First, of the eighteen "instances of discrimination" that plaintiff points to in her memorandum, Laber is only alleged to have participated at all in five such "instances." Accordingly, as "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983", the Court need not address the thirteen claimed "instances" of discrimination alleged to have been committed by defendants other than Laber in deciding this motion. Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004).

The five allegations that Laber engaged in conduct within the limitations period are plaintiff's claims that: "[t]hroughout 2001, Laber continued to make demeaning statements about Cook to contractors and Cook's coworkers"; "[t]hroughout 2001, Laber took away

2

Cook's supervisory duties"; that "Cook, at Laber's direction, bought gifts and delivered them to a local, injured woman . . . [and that], Plaintiff was forced to accept a suspension for this incident"; "Laber gave Plaintiff permission to take a half day off and be paid for same" then "denied granting Plaintiff this time off and docked her pay for that day"; and "Laber incorrectly wrote up Cook". See Plaintiff's Memorandum of Law in Opposition to Both of Defendants' Motion to Dismiss, at pp. 4-8. None of these allegations, however, sufficiently pleads discriminatory conduct by Laber within the limitations period.

First, plaintiff's allegations that "[t]hroughout 2001" Laber made demeaning comments and took away plaintiff's supervisory duties, is insufficient to plead that any such "instances" took place after July 23, 2001, the relevant date for statute of limitations purposes. See Korry v. Internat. Telephone and Telegram Corp., 444 F. Supp. 193, 195 (S.D.N.Y. 1978) (dismissing cause of action where "[r]emaining are only conclusory allegations that injury-causing acts took place" within the limitations period); Bonner v. Guccione, 1995 WL 442102 (S.D.N.Y. Mar. 24, 1995), *2 (dismissing cause of action because plaintiff failed to "identify specific acts within" the limitations period).

Even if plaintiff had specifically alleged that Laber "ma[de] demeaning statements about Cook" and "took away Cook's supervisory duties" after July 23, 2001, such vague and conclusory allegations are clearly insufficient to put Laber on notice of the claims against him, and thus, fail to meet even the liberal pleading standards applicable to such a claim. See Cellamare v. Millbank, Tweed, Hadley & McCloy, 2003 WL 22937683, *4 (E.D.N.Y. Dec. 2, 2003) ("it is possible that a complaint could contain such conclusory or general allegations so as to deprive the defendant of fair notice of the nature of the claim"); Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003) ("a complaint that contains only vague and conclusory claims

with no specific facts supporting the allegations may not give the defendant fair notice of he claims against him and thus would not allow the defendant to devise a competent defense").

Additionally, while plaintiff claims that she was disciplined for purchasing gifts and delivering them to an injured local woman, for taking a half day off, and that she was incorrectly written up by Laber, there is absolutely no indication that such disciplinary measures were a result of discriminatory animus or because of plaintiff's gender. See Meckenberg v. New York City Off-Track Betting, 42 F. Supp.2d 359, 373 (S.D.N.Y. 1999) ("the other instances of harassment [plaintiff] describes cannot reasonably be attributed to a discriminatory animus, and thus cannot be properly considered as part of her hostile environment claim"); see also Shabat v. Blue Cross Blue Shield of the Rochester Area, 925 F. Supp. 977, 983 (W.D.N.Y. 1996) ("In any workplace, friction will sometimes occur, and people may lose their tempers or display some hostility toward their coworkers. Not every such occurrence can be attributed to unlawful discrimination"), aff'd, 108 F.3d 1370 (2d Cir. 1997).

Indeed, plaintiff points to these otherwise benign and non-discriminatory "incidents" in an effort to claim that other, unrelated and time-barred, instances should be considered by the Court under a theory of "continuing violation." Relevant authority, however, makes it abundantly clear that plaintiff has not pled a "continuing violation" and thus the claims against Laber should be dismissed as time-barred.

The law is well-settled that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 2072, 153 L. Ed.2d 106, 113 (2002). Indeed, a

continuing violation will only be found where there is "a series of separate acts that collectively constitute one unlawful employment practice." Id.

Here, plaintiff has not alleged such a series of acts constituting a single employment practice. Indeed, the disciplinary measures alleged to have been taken against plaintiff by Laber in 2003 appear to be completely unrelated to plaintiff's time-barred allegations that, in October 1999 Laber professed his love for plaintiff and that from that time through December 2, 1999, Laber subjected plaintiff to discriminatory intimidation, ridicule and insult. See Complaint, ¶¶ 17-19 annexed as Exhibit A to the Declaration of Diane Leonardo Beckmann submitted together with Laber's principle memorandum. Thus, plaintiff's allegations of several "discrete acts" of discrimination against her are clearly insufficient to plead a continuing violation. See National Railroad, 112 S. Ct. at 2073 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' [Plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time").

Accordingly, as plaintiff's claims against defendant Laber are time barred, the complaint should be dismissed against Laber in its entirety.

### POINT II

### PLAINTIFF'S § 1983 CLAIM AGAINST LABER SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM SEPARATE AND DISTINCT FROM PLAINTIFF'S TITLE VII CLAIM

Plaintiff's § 1983 claim should be dismissed because it is nothing more than a rehash of plaintiff's Title VII claim, designed to improperly circumvent Title VII's shorter statute of

limitations and the fact that Title VII does not permit individual liability. See Patterson, 375 F.3d at 221 ("individuals are not subject to liability under Title VII" (citation and quotation omitted).

It is well-established that a plaintiff may assert concurrent Title VII and § 1983 causes of action only where "the § 1983 claim is based on a distinct violation of a constitutional right". Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir. 1994). This is because:

> allowing § 1983 and Title VII to stand as completely concurrent remedies could permit local and state employees to 'thwart the administrative requirements of the latter's administrative scheme.' Such plaintiffs also otherwise could be able to circumvent Title VII's limitations on damages and shorter statute of limitations.

Moche v. City Univ. of New York, 781 F. Supp. 160, 168 (E.D.N.Y. 1992) (citations omitted), aff'd, 999 F.2d 538 (1993).

Here, plaintiff claims that she should be able to assert concurrent Title VII and §1983 causes of action because "Plaintiff's § 1983 claims are based on Defendants' violation of Plaintiff's equal protection rights under the fourteenth amendment - not Defendants' violation of Title VII." See Plaintiff's Memorandum of Law in Opposition to Both of Defendants' Motion to Dismiss, at p. 12. Plaintiff's assertion, however, is unsupported by either the allegations in the complaint or by relevant authority.

In determining whether causes of action under Title VII and § 1983 are distinct enough to permit concurrent prosecution, the court must "ascertain whether the plaintiff has 'sufficiently distinguished her § 1983 claim from her Title VII claim". Moche, 781 F. Supp. at 168 (quoting Carrero v. N.Y. City Housing Auth., 890 F.2d 569, 576 (2d Cir. 1989)).

Here, the complaint wholly fails to distinguish between plaintiff's Title VII and § 1983 claims. While the First Cause of Action in the complaint purports to be for both

6

violation of Title VII and § 1983, as against defendant Port Washington Water District, the Second Cause of Action merely incorporates by reference the prior allegations, and alleges that "Defendants Laber, Mahoney, Murray, Vaccion and/or Meyer unlawfully participated in and permitted the aforementioned harassment and discrimination to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983." Accordingly, plaintiff's § 1983 claim against Laber is nothing more than a repleading of her Title VII claim against the Port Washington Water District, and certainly is not "sufficiently distinguished" from her Title VII claim to permit concurrent pleading.

Accordingly, the § 1983 claim should be dismissed because it is based on the exact same factual allegations, and seeks to vindicate the same rights, as plaintiff's Title VII claim.

## CONCLUSION

Based upon the foregoing, the complaint against Defendant Laber must be dismissed in its entirety.

Dated: Melville, New York
February 7, 2005

Respectfully submitted,

LAMB & BARNOSKY LLP
Attorneys for Defendant Laber

By: _____
Sharon N. Berlin (SB-6480)
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747-9034
631-694-2300

Of counsel:

Russell L. Penzer