UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN COOK,

                            Plaintiff,

   -against-

                                                     04 CV 3147 (LDW) (ARL)

THE PORT WASHINGTON WATER DISTRICT,
JONATHAN LABER, individually and in his official
capacity, JOHN MAHONEY, individually and in his
official capacity, THOMAS MURRAY, individually
and in his official capacity, ITALO VACCHIO,
individually and in his official capacity, and PETER
MEYER, individually and in his official capacity,

                            Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW

**BEE READY FISHBEIN
HATTER & DONOVAN, LLP**
*Attorneys for the Defendants*
(Other than Jonathan Laber)
170 Old Country Road, Suite 200
Mineola, New York 11501
(516) 746-5599

## PRELIMINARY STATEMENT

The Defendants respectfully submit this memorandum of law in support of their motion for a judgment pursuant to Fed. R. Civ. P. 12(c) dismissing the Plaintiff's sexual harassment and retaliation claims. Even when read in the light most favorable to the Plaintiff, the Complaint alleges conduct in support of said claims that is either time-barred or lacks sufficient temporal proximity to the Plaintiff's protected activity. In addition, the Plaintiff's gender discrimination claim should be dismissed to the extent that it is based upon alleged untimely discriminatory acts and her claims brought under 42 U.S.C. § 1983 (hereinafter "§ 1983") should be dismissed as they are not based upon any distinct constitutional violation.

## STANDARD OF REVIEW

The standard of review for evaluating a motion under Rule 12(c) is identical to that for a motion to dismiss pursuant to Rule12(b)(6). The Plaintiff's allegations are accepted as true, and all reasonable inferences are drawn in her favor.[1] The court will not dismiss the Plaintiff's claims unless it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Sheppard v. Berman, 18 F.3d 147 (2d Cir. 1994).

## ARGUMENT

I.  **THE COMPLAINT FAILS TO ALLEGE SEXUALLY HARASSING BEHAVIOR OR RETALIATORY ACTS THAT ARE ACTIONABLE UNDER TITLE VII, NEW YORK EXECUTIVE LAW § 296 OR § 1983.**

   A.  <u>Plaintiff's Sexual Harassment Claim Is Time-Barred</u>.

   Title VII of the Civil Rights Act of 1964, *as amended*, (hereinafter "Title VII") requires a

---

[1] The Defendants, therefore, respectfully refer the Court to the Complaint for the facts pertinent to the underlying motion, as well as the Declaration of Anthony V. Merlino.

complainant to file a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") within three-hundred days of the alleged discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1). Claims brought under NewYork Executive Law § 296 (hereinafter "§ 296") and § 1983 must be filed within three years of an alleged discriminatory or retaliatory act. See, Lightfoot v. Union Carbide Corp., 110 F.3d 898 (2d Cir. 1997); Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002). Failure to do so will result in the claims being time-barred. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708 (2d Cir. 1996); Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004).

In support of the Plaintiff's sexual harassment claim, the Complaint alleges that the Defendant Jonathan Laber (hereinafter "Laber") subjected the Plaintiff to sexually harassing behavior over the period of October 1999 to December 2, 1999 (see, Complaint, ¶¶ 17 &18), which created a severe and pervasive hostile work environment. The Plaintiff's Charge of Discrimination was not filed until October 17, 2003 and her federal Complaint was not filed until July 23, 2004, both more than three years after the alleged sexual harassment.

The Plaintiff is foreclosed from arguing the "continuing violation" doctrine to save her untimely sexual harassment claim. Although courts in the Second Circuit look disfavorably upon continuing violation arguments, an aggrieved party may extend the limitations period for an untimely claim if the acts complained of are related to similar timely acts, or if the untimely acts were committed under an ongoing policy of discrimination. See, Everson v. New York City Transit Auth., 216 F.Supp.2d 71 (E.D.N.Y. 2002). In this case, however, the Complaint does not allege any sexually harassing behavior after December, 1999 or a specific ongoing discriminatory policy and/or practice of the Defendants. Accordingly, the Plaintiff's sexual harassment claim is time-barred.

B.  The Alleged Retaliatory Acts That Are Not Time-Barred Nevertheless Lack The Temporal Proximity To Maintain A Retaliation Claim, As A Matter Of Law.

In support of the Plaintiff's retaliation claim, the Complaint alleges that the Defendants subjected the Plaintiff to separate and distinct retaliatory acts over the period of December, 1999 to April, 2004 (see, Complaint, ¶¶ 19-43). As stated above, to the extent that the Plaintiff's retaliation claim is predicated upon acts which occurred prior to December 17, 2002 (i.e., those acts alleged in paragraphs 21(a-b), 22-27 of the Complaint) and July 23, 2001 (i.e., those acts alleged in paragraphs 21(c), 22-24) said claim is time-barred under the statute of limitations of Title VII and § 296, respectively.[2]

These alleged untimely retaliatory acts also cannot be saved by the application of the continuing violations doctrine. The Supreme Court has abrogated the use of the continuing violations doctrine for untimely discrete discriminatory or retaliatory acts. In National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the Supreme Court held that the statute of limitations begins to run when each discrete discriminatory or retaliatory act occurs, thus barring relief for untimely acts even if they are related to other actionable conduct that is not time-barred. Id.; see also, Coffey v. Cushman & Wakefield, Inc., 2002 WL 1610913 (S.D.N.Y. 2002) (". . . there is no basis to extend the continuing violation doctrine as applied to the New York Human Rights Law further then the Supreme Court has interpreted it as applied to federal law.") Therefore, the retaliatory acts alleged to have occurred from 1999 to 2002 are non-actionable as being time-barred under Title VII, § 296, or both.

The alleged retaliatory acts which fall within the respective statute of limitations

---

[2] There is no cognizable claim for retaliation under § 1983. Bernheim v. Litt, 79 F.3d 318 (2d Cir. 1996).

nevertheless lack the temporal proximity to the Plaintiff's verbal complaint of sexual harassment (see, Complaint, ¶ 20) necessary to sustain a claim under Title VII and § 296. It is well-settled that absent direct evidence, as in this case, the temporal proximity between protected activity and an adverse employment action must be very close to support a causal connection. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Here, there is over a three year gap between the time the Plaintiff complained to Defendants Mahoney and Murray about Laber's sexual harassment and the earliest alleged retaliatory act which is neither time-barred under Title VII or § 296 (i.e., March, 2003 - see, Complaint, ¶ 31). Accordingly, the Plaintiff's retaliation claim should be dismissed.

## II.   TO THE EXTENT PLAINTIFF'S GENDER DISCRIMINATION CLAIM IS BASED UPON ALLEGED UNTIMELY DISCRIMINATORY ACTS IT SHOULD BE DISMISSED

The Complaint appears to allege three separate and distinct claims against the Defendants: (1) that the Plaintiff was subjected to a sexually hostile and abusive work environment by Laber; (2) that the Plaintiff was retaliated against for her having complained about the purported sexual harassment to her superiors; and (3) that the Plaintiff was denied equal terms and conditions of employment because of her gender. Notably, however, for the most part the conduct alleged in support of the Plaintiff's retaliation claim is the same conduct alleged in support of the Plaintiff's gender discrimination/disparate treatment claim. For example, although the Plaintiff alleges in paragraph 39 of the Complaint that she did not receive an overtime opportunity she should have otherwise received, it is unclear if the Plaintiff asserts she was denied overtime because of retaliatory animus or gender discrimination. In any event, to the extent that paragraphs 19 through 27 of the Complaint cannot support the Plaintiff's retaliation claim because of untimeliness, they also cannot

support the Plaintiff's gender discrimination/disparate treatment claim. Moreover, the continuing violation doctrine is similarly inapplicable to the Plaintiff's gender discrimination/disparate treatment claim. See, Coffey, supra, (continuing violation doctrine remains viable only to hostile work environment claims as they involve a series of separate acts that collectively constitute one unlawful employment practice.) Accordingly, to the extent that the Plaintiff's gender discrimination/disparate treatment claim is based upon alleged untimely discriminatory acts, it should be dismissed.

### III. THE PLAINTIFF'S § 1983 CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BASED SOLELY UPON THE ALLEGATIONS COMPRISING THE PLAINTIFF'S TITLE VII CLAIMS

It is well settled that a plaintiff may bring concurrent Title VII and § 1983 claims, as long as the § 1983 claim is based upon a distinct violation of a constitutional right. The § 1983 claim cannot be based upon identical allegations comprising the Title VII claim. Gierlinger v. New York State Police, 15 F.3d 32 (2d Cir. 1994). That is exactly what the Plaintiff does here. The allegations relied upon in support of the claim of discrimination against the Plaintiff in the terms, conditions and privileges of her employment are the identical allegations relied upon in support of her § 1983 claims. In light of the absence of a distinct constitutional violation, the Plaintiff's § 1983 claims should be dismissed.

### CONCLUSION

Based upon the forgoing, judgment should be rendered in favor of the Defendants dismissing the Plaintiff's sexual harassment and retaliation claims, and her gender discrimination claim to the extent that same is based upon alleged untimely discriminatory acts, as well as all of the Plaintiff's claims brought under § 1983.

Dated: Mineola, New York
       January 14, 2005

Respectfully submitted,

BEE READY FISHBEIN
HATTER & DONOVAN, LLP

By: _____
Anthony V. Merlino (AM 6299)
170 Old Country Road
Mineola, New York 11501
(516) 746-5599