UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
SUSAN COOK,

          Plaintiff,

       -against-

PORT WASHINGTON WATER DISTRICT,
JONATHAN LABER, Individually and in his
official capacity, JOHN MAHONEY, Individually
and in his official capacity, THOMAS MURRAY,
Individually and in his official capacity,
ITALO VACCHIO, Individually and in his official
capacity, and PETER MEYER, Individually and
in his official capacity,

          Defendants.
-----------------------------------------------------------------X

**ANSWER**

CV-04-3147
(LDW)(ARL)

    Defendant JONATHAN LABER by his attorneys Lamb & Barnosky LLP, as and for their answer to the Verified Complaint herein respectfully alleges as follows:

    1.    States that the allegations contained in paragraph 1 of the Complaint constitutes legal conclusions to which no response is required.

    2.    States that the allegations contained in paragraph 2 of the Complaint constitutes legal conclusions to which no response is required.

    3.    States that the allegations contained in paragraph 3 of the Complaint constitutes legal conclusions to which no response is required.

    4.    States that the allegations contained in paragraph 4 of the Complaint constitutes legal conclusions to which no response is required.

    5.    States that the allegations contained in paragraph 5 of the Complaint constitutes legal conclusions to which no response is required.

6.      DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 6 of the Complaint.

7.      DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 6 of the Complaint.

8.      ADMITS the truth of the allegations as set forth in paragraph 8 of the Complaint.

9.      DENIES the truth of the allegations as set forth in paragraph 9 of the Complaint, except admits that Defendant Jonathan Laber is the Supervisor of Water Plant Operations.

10.     DENIES the truth of the allegations as set forth in paragraph 10 of the Complaint.

11.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 11 of the Complaint, except admits the allegations as set forth in the first sentence of the paragraph.

12.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 12 of the Complaint, except admits that Italo Vacchio is the District Superintendent.

13.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 13 of the Complaint, except admits the allegations as set forth in the first sentence of the paragraph.

14.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 14 of the Complaint, except admits the allegations as set forth in the first sentence of the paragraph.

15.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 15 of the Complaint.

16.     ADMITS the truth of the allegations as set forth in paragraph 16 of the Complaint.

17.     DENIES the truth of the allegations as set forth in paragraph 17 of the Complaint.

18.     DENIES the truth of the allegations as set forth in paragraph 18 of the Complaint.

19.     DENIES the truth of the allegations as set forth in paragraph 19 of the Complaint.

20.     DENIES the truth of the allegations as set forth in paragraph 20 of the Complaint.

21.     DENIES the truth of the allegations as set forth in paragraph 21 of the Complaint.

22.     DENIES the truth of the allegations as set forth in paragraph 22 of the Complaint.

23.     DENIES the truth of the allegations as set forth in paragraph 23 of the Complaint.

24.     DENIES the truth of the allegations as set forth in paragraph 24 of the Complaint and DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in the last sentence.

25.     DENIES the truth of the allegations as set forth in paragraph 25 of the Complaint, except ADMITS the allegations as set forth in the first sentence.

26.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 26 of the Complaint.

27.     DENIES the truth of the allegations as set forth in paragraph 27 of the Complaint.

28.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 28 of the Complaint.

29.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 29 of the Complaint.

30.     DENIES the truth of the allegations as set forth in paragraph 30 of the Complaint.

31.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 31 of the Complaint.

32.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 32 of the Complaint.

33.     DENIES the truth of the allegations as set forth in paragraph 33 of the Complaint.

34.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 34 of the Complaint.

35.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 35 of the Complaint.

36.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 36 of the Complaint.

37.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 37 of the Complaint.

38.     DENIES the truth of the allegations as set forth in paragraph 38 of the Complaint.

39.     DENIES the truth of the allegations as set forth in paragraph 39 of the Complaint.

40.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 40 of the Complaint.

41.     DENIES the truth of the allegations as set forth in paragraph 41 of the Complaint.

42.     DENIES the truth of the allegations as set forth in paragraph 42 of the Complaint, except ADMITS that he wrote up Cook on two occasions during the week of November 18, 2003 and submitted the write-ups to Vacchio.

43.     DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations as set forth in paragraph 43 of the Complaint.

44.     DENIES the truth of the allegations as set forth in paragraph 44 of the Complaint.

45.     REPEATS AND REALLEGES his answers to paragraphs 1 through 44 as if fully set forth herein.

46.     DENIES the truth of the allegations as set forth in paragraph 46 of the Complaint.

47.     DENIES the truth of the allegations as set forth in paragraph 47 of the Complaint.

48.     DENIES the truth of the allegations as set forth in paragraph 48 of the Complaint.

49.     REPEATS AND REALLEGES his answers to paragraphs 1 through 48 as if fully set forth herein.

50.     DENIES the truth of the allegations as set forth in paragraph 50 of the Complaint.

51.     DENIES the truth of the allegations as set forth in paragraph 51 of the Complaint.

52.     DENIES that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53.     The Complaint must be dismissed as against Laber as it is not timely filed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54.     The Complaint fails to state a legally cognizable claim against Laber.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55.     Laber is not a state actor as defined under 42 U.S.C. Section 1983, and in the alternative, is entitled to qualified immunity to suit

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56.     Cook has breached her duty to mitigate damages.

WHEREFORE, Laber respectfully requests that judgment be entered dismissing the Complaint in its entirety, awarding Laber cost and disbursements, as well as such other and further relief which the Court deems to be just and proper.

Dated:  Melville, New York
        October 18, 2005

                              Respectfully submitted,
                              LAMB & BARNOSKY, LLP

                    By:      Sharon N. Berlin (SB-6480)
                              Attorneys for Jonathan Laber
                              534 Broadhollow Road, Suite 210
                              P.O. Box 9034
                              Melville, New York 11747
                              631-694-2300

TO:     Becky Tung, Esq.
        Attorney for Plaintiff
        Leeds Morelli & Brown
        One Old Country Road, Suite 347
        Carle Place, New York 11514

        Joshua Jemal, Esq.
        Attorney for Co-defendants
        Bee Ready Fishbein Hatter & Donovan, LLP
        170 Old Country Road
        Suite 200
        Mineola, New York 11501